IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIA TYSON : | |
| : | |
| *Plaintiff* : | |
| : | CIVIL ACTION |
| v. : | NO. |
| : | |
| SHAUN DUFFY : | |
| and : | |
| MATTHEW P. LALLY : | |
| : | |
| *Defendants* : | |

**COMPLAINT WITH JURY DEMAND**

**Introduction**

This action is filed by Plaintiff Tia Tyson against Defendants Shaun Duffy and Matthew P. Lally, seeking damages under 42 U.S.C. § 1983 for unreasonable use of force, unlawful seizure, and malicious prosecution in violation of Ms. Tyson's rights as guaranteed by the Fourth Amendment to the United States Constitution, as well as state law liability for assault and battery, false arrest, false imprisonment, malicious prosecution, negligent infliction of emotional distress, and willful misconduct in connection with the subject incident and series of events.

**Jurisdiction**

1.  This action is brought pursuant to 42 U.S.C. § 1983. This court has original jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

**Venue**

2.  A substantial part of the events and omissions giving rise to the claims set forth herein occurred in Philadelphia, Pennsylvania. Thus, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the Eastern District of Pennsylvania.

**Parties**

3. Plaintiff Tia Tyson (hereinafter referred to as "Ms. Tyson") is an adult individual, a citizen of the United States, and a resident of the State of North Carolina, domiciled in the City and County of Durham, North Carolina.

4. Defendant Shaun Duffy ("Officer Duffy") is an adult individual and resident of the Commonwealth of Pennsylvania with a business address of 400 North Broad Street, Philadelphia, PA 19103, and who at all times relevant and material hereto was an agent and employee of the City of Philadelphia, assigned to and working as a law enforcement and patrol officer within the Philadelphia Police Department, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

5. Defendant Matthew P. Lally ("Officer Lally") is an adult individual and resident of the Commonwealth of Pennsylvania with a business address of 400 North Broad Street, Philadelphia, PA 19103, and who at all times relevant and material hereto was an agent and employee of the City of Philadelphia, assigned to and working as a law enforcement and patrol officer within the Philadelphia Police Department, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

**Factual Background**

6. On May 17, 2021 at approximately 11:00 p.m., Ms. Tyson was operating her motor vehicle at or near the intersection of 40th and Brown Streets in Philadelphia, Pennsylvania, when Officer Duffy and Officer Lally initiated a traffic stop of her vehicle.

7. After Ms. Tyson pulled over and stopped her vehicle, Officers Duffy and Lally exited their patrol car and approached Ms. Tyson's vehicle, with Officer Duffy going to the driver's side and Officer Lally going to the right-hand passenger side.

8. Ms. Tyson stated to Officer Lally (the passenger-side officer) that her driver's side window did not go down, and Officer Lally nodded and said okay.

9. Officer Duffy (the driver's side officer) abruptly opened the driver's side door and ordered Ms. Tyson to turn off her motherfucking car and give him her motherfucking keys. Ms. Tyson stated the officer should not be talking to her that way.

10. Officer Duffy asked Ms. Tyson where she worked and she responded by asking why he needed to know that. Officer Duffy replied that since Ms. Tyson wanted to do his job, he wanted to go to her place of employment and tell her how to do her job.

11. Ms. Tyson asked Officer Duffy why she got pulled over, to which Officer Duffy replied that she had run a red light. Ms. Tyson denied the accusation but said okay, give me the ticket.

12. Officer Duffy said that since Ms. Tyson was being a smart aleck, he was going to issue her tickets for running a red light, not wearing a seat belt, and driving with a non-functioning brake light. Ms. Tyson denied the accusations but said that's fine.

13. Officers Duffy and Lally walked back to their patrol car where they remained for an extended period of time while Ms. Tyson sat in her stopped vehicle.

14. After a substantial period of time with no contact, information, or update from either of the two police officers, Ms. Tyson honked her horn, exited her vehicle, walked toward the rear of her car, and asked the officers if they needed any help.

15. Officer Duffy exited his patrol car, walked toward Ms. Tyson, and told her to get back in her vehicle.

16. Ms. Tyson asked if there was anything she could help with, since she knew there was no problem with her license, insurance, or registration and she had no warrants.

17. Officer Duffy walked Ms. Tyson back to her driver's side door and physically pushed her into the vehicle, in full view of Officer Lally.

18. Ms. Tyson reached out to try to grab the side of her door to keep from falling but ended up on the seat of her car.

19. Ms. Tyson asked Officer Duffy what was wrong with him, why did he put his hands on her.

20. Officer Duffy then grabbed the front of Ms. Tyson's shirt, pulled her up, told her she was disrespectful, and tried to place her under arrest, in full view of Officer Lally.

21. Ms. Tyson asked Officer Duffy what she was being arrested for.

22. Officer Duffy slammed Ms. Tyson to the ground, putting his knee in her back, in full view of Officer Lally.

23. Officers Duffy and Lally lifted up Ms. Tyson from the ground, then handcuffed and arrested her.

24. In connection with the aforesaid incident, Officers Duffy and Lally initiated criminal proceedings against Ms. Tyson for the following charges: aggravated assault [18 Pa. C.S. § 2702(a)(1) and (3)], simple assault [18 Pa. C.S. § 2701(a)], reckless endangerment [18 Pa. C.S. § 2705], and resisting arrest [18 Pa. C.S. § 5104].[1]

---

[1] Officer Lally also ticketed Ms. Tyson for three traffic offenses: failing to use a seatbelt, operating a vehicle without required rear lighting, and failing to stop for a red light.

25. In connection with the aforesaid criminal charges, Ms. Tyson was confined to jail overnight.

26. On June 2, 2021, following a preliminary hearing in Philadelphia Municipal Court, the charges of reckless endangerment and resisting arrest were dismissed for lack of evidence.

27. On March 22, 2022, following a waiver trial in the Court of Common Pleas of Philadelphia County, the Court found Ms. Tyson not guilty of the sole remaining criminal charges of aggravated and simple assault.

28. Ms. Tyson did not commit any offense nor engage in any conduct justifying the actions of Officer Duffy or Officer Lally with regard to the aforesaid seizure, arrest, use of force, and prosecution of Ms. Tyson.

29. Defendants' aforesaid arrest and prosecution of Ms. Tyson was not supported by probable cause.

30. As a direct and proximate result of the aforesaid incident and Defendants' aforesaid and below-described acts and omissions, Ms. Tyson has sustained and incurred the following injuries and damages:

    (a) Violations of her rights under the Fourth Amendment to the United States Constitution to be secure in her person from an unreasonable use of force;

    (b) Violations of her rights under the Fourth Amendment to the United States Constitution to be secure in her person from an unlawful seizure;

    (c) Violations of her rights under the Fourth Amendment to the United States Constitution to not be subjected to a malicious prosecution;

(d) Physical injuries requiring medical attention and other health care including but not limited to a displaced fracture of her right middle finger and bruises to various parts of her body;

(e) Pain, suffering, fear, anxiety, embarrassment, humiliation, emotional distress, and post-traumatic stress, some or all of which may be permanent;

(f) Medical and healthcare expenses;

(g) Confinement and loss of liberty; and

(h) Legal expenses.

31. Defendants acted in concert and conspiracy and are jointly and severally responsible for all injuries and damages directly and proximately caused to Ms. Tyson.

32. Defendants acted negligently, willfully, wantonly, intentionally, and/or with deliberate indifference to Ms. Tyson's constitutional, statutory, and common law rights.

### FIRST CLAIM FOR RELIEF
### TIA TYSON v. SHAUN DUFFY
### *(42 U.S.C. § 1983)*

33. Ms. Tyson incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

34. Officer Duffy deprived Ms. Tyson of her right to be secure in her person from an unreasonable use of force, unlawful seizure, and malicious prosecution, and thus violated Ms. Tyson's rights as guaranteed by the Fourth Amendment of the United States Constitution.

35. Specifically, Officer Duffy engaged in the following unconstitutional conduct:

(a) Using unreasonable force upon Ms. Tyson as described in ¶¶ 17-23, *supra*;

(b) Unlawfully detaining, seizing, battering, and arresting Ms. Tyson in the absence of probable cause and in violation of clearly established law;

(c) Unlawfully seizing and battering Ms. Tyson in a forceful, intentional, cruel, malicious, reckless, willful, and/or wanton manner, in violation of clearly established law;

(d) Displaying deliberate indifference to the battery and physical injuries he inflicted upon Ms. Tyson; and

(e) Initiating and participating in the prosecution of Ms. Tyson without probable cause.

36. As a direct and proximate result of Officer Duffy's aforesaid acts and omissions, Ms. Tyson has sustained and incurred the injuries and damages set forth in ¶ 30, *supra*.

## SECOND CLAIM FOR RELIEF
## TIA TYSON v. MATTHEW P. LALLY
## *(42 U.S.C. § 1983)*

37. Ms. Tyson incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

38. Officer Lally deprived Ms. Tyson of her right to be secure in her person from an unreasonable use of force, unlawful seizure, and malicious prosecution, and thus violated Ms. Tyson's rights as guaranteed by the Fourth Amendment of the United States Constitution.

39. Specifically, Officer Lally engaged in the following unconstitutional conduct:

(a) Failing and refusing to intervene to attempt to prevent or stop the unconstitutional use of force being committed in his presence and in his full view by Officer Duffy upon Ms. Tyson, despite having a realistic and reasonable opportunity to do so;

(b) Unlawfully detaining, seizing, and arresting Ms. Tyson in the absence of probable cause and in violation of clearly established law;

(c) Unlawfully seizing and arresting Ms. Tyson in a forceful, intentional, cruel, malicious, reckless, willful, and/or wanton manner, in violation of clearly established law;

(d) Displaying deliberate indifference to the battery and physical injuries inflicted upon Ms. Tyson; and

(e) Initiating and participating in the prosecution of Ms. Tyson without probable cause.

40. As a direct and proximate result of Officer Lally's aforesaid acts and omissions, Ms. Tyson has sustained and incurred the injuries and damages set forth in ¶ 30, *supra*.

### THIRD CLAIM FOR RELIEF
### TIA TYSON v. SHAUN DUFFY and MATTHEW P. LALLY
*(State Law Claims)*

41. Ms. Tyson incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

42. Defendants' aforesaid acts and omissions constituted assault and battery, false arrest, false imprisonment, malicious prosecution, negligent infliction of emotional distress, and willful misconduct under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate those claims.

43. As a direct and proximate result of Defendants' respective aforesaid acts and omissions, Ms. Tyson has sustained and incurred the injuries and damages set forth in ¶ 30, *supra*.

### REQUEST FOR RELIEF AND JURY DEMAND

In light of the foregoing, Plaintiff requests the following relief:

(a) This court's declaration that Defendants' acts and omissions violated Plaintiff's constitutional and statutory rights;

(b) Compensatory damages;

(c) Punitive damages;

(d) Reasonable attorney's fees and costs; and

(e) Such other and further relief as the court deems reasonable and just.

Plaintiff demands a jury trial as to each Defendant and as to each claim for relief.

DATE: May 3, 2023

s/ Richard M. Wiener
Richard M. Wiener, Esquire
PA Attorney I.D. No. 68041
Law Offices of Richard M. Wiener, LLC
161 Washington Street, Suite 400
Conshohocken, PA 19428
Ph: (610) 832-8050
Fx: (610) 487-0300
Email: rwiener@wienerlegal.com
*Attorney for Plaintiff*